

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-6148
Re: Whether the Union Reserve
Life Insurance Company has
the legal authority to issue
and sell the debentures in
question under the facts
stated.

Your letter of August 10, 1944, requesting the opinion of this department regarding the proposition of whether the above named company has the authority to issue and sell the debentures mentioned is as follows:

"Union Reserve Life Insurance Company, Austin, operating under Chapter 3, Title 78, Revised Statutes, has submitted to me its proposed form of debentures, copy of which is enclosed, which it wishes to offer for sale.

"Will you please advise me whether the Company has authority to issue such debentures?"

A copy of the proposed debentures accompanying your inquiry is as follows:

"Twenty Year Debenture

"Series A

of

"UNION RESERVE LIFE INSURANCE COMPANY
(An Old Line Legal Reserve Life Insurance
company duly incorporated under the laws of
the State of Texas with its Home Office in
Austin, Texas)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"No._____          "Amount        $ 1,000.00

"For value received, UNION RESERVE LIFE INSUR-
ANCE COMPANY agrees to pay on or before the ____ day
of _____, 19___, to the bearer hereof FROM the
fund to be created as hereinafter provided the sum of
One Thousand ($1,000.00) Dollars and interest thereon
from date until paid at the rate of six per cent (6%)
per annum.   Interest shall be due and payable on the
first day of _____ of each year.  Both principal
and interest shall be payable at the home office of
the Company in the City of Austin, Travis County, Texas,
upon the surrender of this debenture.

"The UNION RESERVE LIFE INSURANCE COMPANY agrees
to set aside in a sinking fund _____ per cent (____%)
of its annual earned surplus at the end of each calendar
year hereafter to be used for the payment of principal
and interest on this Debenture and all other debentures
in this Series and for no other purpose; but it is ex-
pressly provided that this debenture and all debentures
of this Series shall not be a liability of the Company
or a claim against any of its assets except as to the
sinking fund so created from earned surplus.

"The aggregate amount of debentures issued under
this series A shall not exceed $_____.

"The issuance of this debenture has been authori-
zed and directed by the unanimous vote of all the stock-
holders of the Company and by the unanimous vote of the
Directors of the Company.

"In witness whereof, the UNION RESERVE LIFE INSUR-
ANCE COMPANY has caused this debenture to be signed by
its duly authorized officers and its corporate seal to
be hereunto affixed this _____ day of _____, 19___.

"
_____                    _____
    "Secretary                          "President and Treasurer."

Honorable O. P. McCahart, page 3

There is no express statutory authority for Chapter 3, Insurance Corporations to borrow money; neither is there any statutory prohibition against the exercise of such power. There is, of course, no statutory authorization for the issuance and sale of these proposed debentures. Neither is there statutory prohibition against the exercise of such power. We think that the proposed debentures by the Union Reserve Life Insurance Company can be distinguished from the certificate of the Century Life Insurance Company which was disapproved in our Opinion No. O-1814. It was conceded in our opinion No. O-1814 that the right to borrow money is inherent in a corporation, subject, however, to the limitation which may be placed upon it by the laws of the government to which it is responsible. By issuing and selling the above mentioned debentures, the Union Reserve Life Insurance Company seeks to exercise its prerogative as a corporation to borrow money, but seeks to contract with those from whom it may borrow money, that such money will be paid back at a particular time, and at a particular rate of interest, and that it will be paid back only from a special fund.

In Opinion No. O-5546, this department rendered an opinion based upon the same question as is involved in this opinion. The proposed debenture differs somewhat from the certificate passed upon in Opinion No. O-5546, but it is apparent that the essential elements are the same. The proposed debentures contain an unconditional promise to pay out of the specific fund, at a certain time, when such fund is created as stated in the debentures. The only thing that distinguishes the proposed debentures from a regular bond of the company is that they provide for the payment of same out of a particular fund.

It is stated by Couch on Insurance, Vol. 1, page 585:

"* * * Among the corporate powers enjoyed by a corporation formed to carry on insurance business may be mentioned the right to acquire and hold such real estate as is necessary and proper for future use in carrying on its business, to borrow money to pay losses, or to protect its assets. * * *" (To the same effect, American Jurisprudence, Vol. 29, page 84)

In answer to the above stated question, you are respectfully advised that there is no statutory prohibition prohibiting an insurance company such as the Union Reserve Life Insurance Company from borrowing money in the manner proposed by said company by the issuance and sale of said proposed debentures, which are mere

Honorable O. P. Lockhart, page 4

evidences of the money borrowed by the said company.

Trusting this answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:RP

APPROVED SEP 8, 1942

(Acting) ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY CHAIRMAN